IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA         Criminal Action No.  09-CR-29

     v.
                                 (Hon. Gary L. Sharpe)
JOSEPH L. BRUNO,

          Defendant.
_____

### Government's Motion for a Protective Order

Pursuant to this Court's orders, the government is required to provide defense counsel, no later that October 5, 2009, with "materials and statements of all witnesses who will testify in the [government's] case[]-in-chief, if subject to Fed. R. Cr. P. 26.2 and 18 U.S.C. § 3500," and, no later than October 26, 2009, "Giglio material and testifying informant's convictions." See Dkt. #46, as modified by August 18, 2009 text entry.

Pursuant to the Criminal Pretrial Order ¶II(E), which requires the government to arrange for the preparation of grand jury transcripts for witnesses who will testify in the government's case-in-chief, the government will disclose grand jury materials, including grand jury transcripts, otherwise protected by Fed. R. Cr. P. 6.[1]  In addition, the government will provide a variety of materials and statements, including reports of interviews, criminal

---

[1] Fed. R. Crim. P. 6(E)(3)(E)(i) allows the court to authorize disclosure of grand jury matters "in connection with a judicial proceeding."  The Court's authorization will also allow the Government to show witnesses their own grand jury transcripts.

records, and other potential impeachment information.

These materials and statements – which the government will provide not only for witnesses who will testify in the government's case-in-chief, but also for many persons who will not be called by the government to testify at trial (but who testified before the grand jury or were interviewed) – contain sensitive and confidential information. As a result, the government seeks a protective order requiring that such materials and statements produced by the government (1) be used solely by Dreyer Boyajian LLP and McDermott, Will & Emery employees in connection with preparation of the defense including motions, trial, and, if necessary, sentencing and/or appeal in this matter and not for any other purpose, (2) not be provided to, read verbatim to, or summarized for anyone else other than (a) the defendant who may review, but not copy, witness materials, and (b) where defense counsel deem such disclosure necessary for preparation of the defense, a witness, who may review, but not copy, his or her own witness materials; no witness may be informed, directly or indirectly, of any information reflected in any witness materials for any other witness, and (3) be returned to the United States at the conclusion of this case.

Counsel for defendant, William P. Dreyer and Abbe D. Lowell, do not oppose this request.

Dated: October 2, 2009    Respectfully submitted,

                              ANDREW T. BAXTER
                              United States Attorney


                        By:   */s/ Elizabeth C. Coombe*
                              Elizabeth C. Coombe
                              William C. Pericak
                              Assistant U.S. Attorneys

```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF NEW YORK
```
_____

UNITED STATES OF AMERICA           Criminal Action No.  09-CR-29

    v.
                                  (Hon. Gary L. Sharpe)

JOSEPH L. BRUNO,

    Defendant.

_____

## ORDER

The government's Motion for a Protective Order is hereby GRANTED, and the government is authorized to disclose grand jury materials, including grand jury transcripts as appropriate to fulfill the government's discovery obligations in anticipation of trial and to prepare for trial.

IT IS FURTHER ORDERED that materials and statements related to witnesses produced by the government, including, but not limited to, grand jury transcripts, reports of interviews, criminal records, and other potential impeachment materials, shall (1) be used solely by Dreyer Boyajian LLP and McDermott, Will & Emery employees in connection with preparation of the defense including motions, trial, and, if necessary, sentencing and/or appeal in this matter and not for any other purpose, (2) not be provided to, read verbatim to, or summarized for anyone else other than (a) the defendant who may review, but not copy, witness materials, and (b) where defense counsel deem such disclosure necessary for preparation of the defense, a witness, who may review, but not

copy, his or her own witness materials; no witness may be informed, directly or indirectly, of any information reflected in any witness materials for any other witness, and (3) be returned to the United States at the conclusion of this case.

October \_\_, 2009

                              _____
                              The Honorable Gary L. Sharpe
                              United States District Judge