# HEARST corporation

*Jonathan R. Donnellan, Esq.*
*Senior Counsel*

*Office of General Counsel*

*Eve Burton*
 *Vice President and*
 *General Counsel*

*Jonathan R Donnellan*
*Christopher A Fraser*
*Larry M Loeb*
*Mark C Redman*
*Calvin Siemer*
*Debra S Weaver*
 *Senior Counsel*

*Barry S Agdern*
*Lisa Antonini*
*David Burgess*
*Carolene S Eaddy*
*Kristina E Findikyan*
*Bridgette Fitzpatrick*
*Carl G Guida*
*Robert J Hawley*
*Audra Kujawski*
*Alan E Lewis*
*Kevin J McCauley*
*Aimee Nisbet*
*Kenan J Packman*
*Peter P Rahbar*
*Eva M Saketkoo*
*Maureen Walsh Sheehan*
*Ravi V Sitwala*
*Jonathan Sirota*
*Jack Spizz*
*Stephen Yuhan*
 *Counsel*

*Catherine A Bostron*
 *Secretary*

*Harvey L Lipton*
 *Of Counsel*

December 7, 2009

**VIA ECF**

Judge Gary L. Sharpe
Chambers of the Honorable Gary L. Sharpe
James T. Foley United States Courthouse
445 Broadway
Albany, New York 12207-2924

Re:   **United States v. Bruno**, No. 1:09-cr-00029-GLS-1

Dear Judge Sharpe:

      I represent proposed intervenor *Albany Times Union* in this matter. I write concerning the *Times Union*'s motion for immediate release of the jurors' identities and questionnaires in this case (Docket Entry No. 185), filed by Order to Show Cause last Thursday morning, December 3, to respectfully urge the Court to rule on that motion and release the information sought as soon as possible. The *Times Union* made its motion by Order to Show Cause for the precise reason that it wished to have a ruling on its motion before the jury had reached a verdict, so that it could use the information in its reporting when the verdict came down and the public interest concerning the ruling was at its peak. The jury has just now reached a verdict. All parties have responded to our application. (Docket Entry Nos. 192, 193) Neither prosecution nor defense appears to object to release of the information we seek now that a verdict has been handed down. (*Id*.) Our application is ripe for decision and further delay compounds an ongoing injury to the *Times Union*'s First Amendment rights – rights asserted on behalf of itself and other interested members of the public.

      This letter addresses both the First Amendment implications of any further delay in adjudicating the application and the substantive arguments raised by the Government and the defendant.

      1.   Failure to provide an immediate ruling on the *Times Union*'s motion is as grave an injury to its constitutional rights as the separate and wholly

*300 West 57 Street*
*New York, NY 10019*
*T  212 649 2051*
*F 212 649 2035*
*Email:jdonnellan@hearst.com*

Page 2
The Honorable Gary L. Sharpe
December 7, 2009

independent injury suffered by denying access to the information sought. Even if the Court eventually grants a hearing and/or the requested relief, that does not cure the First Amendment injury now being suffered.

Just like justice – access delayed is access denied. Our memorandum lays out the Supreme Court and Second Circuit precedent emphasizing the importance of immediate access where a First Amendment right exists and the irreparable harm flowing from even a delay in vindicating First Amendment rights. *See, e.g.*, *Elrod v. Burns*, 427 U.S. 347, 373 (1976) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."); *Lugosch v. Pyramid Co.*, 435 F.3d 110, 126-27 (2d Cir. 2006) ("Our public access cases and those in other circuits emphasize the importance of immediate access where a right to access is found. . . . The public cannot properly monitor the work of the courts with long delays in adjudication based on secret documents."). Here, immediate access to the information sought is critical to the *Times Union*'s duty and right to fully inform the public on the verdict and those responsible for rendering it. This information is most newsworthy now that the verdict has been issued and public interest is at its highest. Absent immediate release of the information, we regrettably will be left with no choice but to seek relief from the Second Circuit.[1]

2.  In terms of the substance of our request, as our previously-filed memorandum supporting our motion makes clear, there is a clear First Amendment right to the information sought and there have been no findings made to override the right, nor could there be in this case. The Government and the defendant raise wholly unsubstantiated, speculative and conclusory concerns regarding improper influence of jurors, and juror privacy and good conduct.[2] But these are precisely the sort of generalized concerns that courts have found incapable of overriding the First Amendment right of access. *See Press-Enterprise Co. v. Superior Court*

---

[1] To the extent that the transcript filing order (Docket Entry No. 186) was issued in response to our request for the *voir dire* transcript, it appears to reference the wrong transcript – the order refers to the September 15, 2009 transcript, which has already been released to the public, rather than the November 2, 2009 transcript of the *voir dire* (identified in Docket Entry No. 144). In any event, the timeframe for release contemplated by that order – delaying release for one month – is inconsistent with the requirements of the First Amendment. *See Lugosch*, 435 F.3d at 126-27.

[2] The reliance by the Government and defendant on concerns regarding candor is entirely misplaced. As discussed in our memorandum, concern regarding juror candor is only relevant prior to empanelment – the very point of the concern is to ensure that prospective jurors are honest about controversial issues such as race so as to ensure empanelment of an impartial jury. *See ABC, inc. v. Stewart*, 360 F. 3d 90, 98-99 (2d Cir. 2004). The concern regarding candor became irrelevant once the jurors were empanelled and, now that the jury has completed its deliberations, has no relevance at all.

Page 3
The Honorable Gary L. Sharpe
December 7, 2009

*(Press-Enterprise I)*, 464 U.S. 501, 504 (1984) (rejecting juror privacy as basis to shield *voir dire* from public); *United States v. Wecht*, 537 F.3d 222, 240 (3d Cir. 2008) ("'[C]onclusory and generic'" finding[s] . . . [regarding privacy and possible outside influence on jurors] cannot overcome the presumption that jurors' names are public information.").

In addition to the Supreme Court and Second Circuit authorities cited in our memorandum, the Third Circuit's decision in *Wecht*, *supra*, is particularly instructive. There, the court thoughtfully addressed the issue raised here, which is the Court's use of a jury selection process that substituted much of the oral *voir dire* process typically conducted in open court with a tailored juror questionnaire.[3] There, the Third Circuit recognized that courts maintain discretion to shape the *procedure* regarding jury selection – including through the use of written questionnaires rather than oral *voir dire* – but that does not change the First Amendment right of access to the underlying *substance* of the proceedings. *See Wecht*, 537 F.3d at 242. In short, substituting a paper procedure for an open court procedure for reasons of judicial economy does not justify sealing or closure.

Neither the Government nor Defendant appears to contest the right of access to the requested information after a verdict has been issued – which is now the case. To be clear, the *Times Union* requested the information in order to put itself in a position to be able to report on the verdict, its basis, and those responsible for rendering it once the verdict was issued. Contrary to the suppositions of the Government and counsel for defendant, the *Times Union* never had any intention to use the requested information to seek out the jurors during their deliberations.

In sum, we respectfully ask that the Court rule immediately on our request for access and grant the relief requested without further delay.

        Respectfully Submitted,

        /s/ Jonathan R. Donnellan
        Jonathan R. Donnellan

cc:    Elizabeth C. Coombe (by ECF)
       William C. Pericak (by ECF)
       Abbe Lowell (by ECF)
       William Dreyer (by ECF)

---

[3]     The movants in *Wecht* requested the identities of the jurors only, which was granted, though the ruling suggests that the court would have granted access to the juror questionnaires had they been sought as well.